DR. BARBARA THOMPSON, State Superintendent Department of PublicInstruction
You have asked my opinion regarding the extent to which the flow of information from local to state education authorities is restricted by sec. 438, P.L. 93-380, known as the Family Education Rights and Privacy Act, and by sec. 118.125, Stats., which regulates the dissemination of student records in Wisconsin. In particular, you wish to know whether local authorities may be compelled to release to the Department of Public Instruction information concerning children receiving special education services under ch. 89, Laws of 1973, when permission for such release has been granted in accordance with the provisions of the above cited confidentiality statutes. *Page 2 
It is my opinion that local agencies are required to release such information to your department. This information must be made available with or without permission from the persons affected, or their parents or guardians, although such permission should be obtained whenever possible.
Chapter 89, Laws of 1973, presents a comprehensive plan for the instruction of Wisconsin children with special educational needs. That chapter begins with the declaration that:
 "It is the policy of this state to provide, as an integral part of free public education, special education sufficient to meet the needs and maximize the capabilities of all children with special educational needs."
Since the adoption of the Wisconsin State Constitution, the state superintendent of Public Instruction has exercised supervisory powers over public instruction in this state. Art. X, sec. 1, Wis. Const. The state constitution also provides for local school districts which have traditionally wielded the primary decision-making power for schools under their care. See particularly secs. 120.12 and 120.13, Stats. Chapter 89, Laws of 1973, reflects this long-standing allocation of powers and responsibilities between state and local educational authorities.
The responsibility for coordinating the development of all special education programs and services in Wisconsin belongs to the Department of Public Instruction, particularly the Division for Handicapped Children created within the department by sec.115.77, Stats. Local school districts are charged with the actual provision of necessary services. Ch. 89, sec. 1 (3), Laws of 1973. To facilitate the state-wide development of effective special education programs, and to ensure that appropriate services are made available to each child who needs them, local agencies are required to submit information concerning local programs and students enrolled in local programs to the state education authority. Secs. 115.84, 115.85 (1) (c), 115.85 (3), 115.87 (5) (a), and 121.05 (1) (a), Stats. In each instance, the reporting requirement is couched in mandatory terms.
The flow of information from local agencies to the state authorities is part of the essential structure of the ch. 89 program. Without detailed information concerning local programs, the department, particularly the Division for Handicapped Children, *Page 3 
would be unable to perform its supervisory and coordinating functions. In addition, funds for books and equipment, salaries, transportation, board and lodging and for development of new programs are administered by the department. Receipt of funds by local agencies is predicated on the evaluation of reports filed by these agencies with the department. Sec. 115.88, Stats.
There are several instances in which personally identifiable information concerning particular students is essential to performance of duties of the superintendent, the department and the Division for Handicapped Children. These situations arise when the approval of the superintendent or the Division for Handicapped Children is required for providing specified services to individual children. Such services include transportation under secs 115.77 (3) (e), 115.86 (8), 121.54 (31 and (4), Stats., and placement of pupils in facilities outside the state, sec. 115.85 (2) (c), or in a private facility, sec. 115.85 (2) (d), Stats.
The confidentiality of public school pupil records is protected by sec. 118.125, Stats. This statute declares that all pupil records maintained by a public school shall be confidential, and authorizes local school boards to adopt rules for that purpose. Section 118.125 (e), Stats., provides for release of personally identifiable records of students where written permission has been granted by an adult student or the parent or guardian of a minor student. When such authorization has been given, it extends only to the official specifically named by the student or his parent or guardian to receive the information. The federal Family Educational Rights and Privacy Act similarly permits the release of personally identifiable records or files of students upon the written consent of their parents. Sec. 438 (b) (2) (A). P.L. 93-380.
Section 118.125 (2) (g), Stats., provides that a school board may release to the department any information required under the school laws, chs. 115-121, Stats. This release of information is not conditioned upon a grant of permission by the student or his parent or guardian. The federal statute appears to dispense similarly with the requirement of written permission for release of personally identifiable information when the recipients of such information are "authorized representatives of. . . State educational authorities." Sec. 438 (b) (1) (C) (iv). P.L. 93-380. Clearly, the members of the department authorized under sec.118.125 (2) (g), Stats., to receive information qualify as "State educational authorities." *Page 4 
The federal statute is, however, not entirely unambiguous, in that it also provides that data collected by state educational authorities and other enumerated entities "shall not include information . . . which would permit the personal identification of such students or their parents after the data so obtained has been collected." Sec. 438 (b) (3), P.L. 93-380. A reasonable interpretation of this language is that state educational agencies may collect and, by necessary implication, use such personal information, but, as a safeguard to students, may not divulge such information to other entities not specifically authorized to receive it under sec. 438 (b) (1), P.L. 93-380.
It is my opinion that, when permission has been granted, neither the state, nor the federal statute presents an obstacle to full compliance by local authorities with the reporting requirements of ch. 89, Laws of 1973. When information is required or requested by the department in accordance with the provisions of ch. 89, local agencies and officials may not withhold such information, and may if necessary be compelled to release it.
Although the federal act apparently protects local schools in their eligibility for federal funds when they release personally identifiable data to state educational authorities without written permission from the student or his parent or guardian, the language of the federal act is not entirely free from ambiguity. Wherever possible, therefore, prior written permission for release of personally identifiable information should be obtained, especially in the case of local school districts which receive federal funds.
BCL:JWC